UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SPENCER DEMOSS,<br>    *Plaintiff* | §<br>§<br>§ |
| v. | §<br>§ |
| PERRY'S RESTAURANTS LTD<br>d/b/a PERRY'S STEAKHOUSE AND<br>GRILLE and CHRISTOPHER V.<br>PERRY, individually,<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§   Case No. 1:21-cv-01054-RP |

## ORDER

Now before the Court are:

- Plaintiff's Motion to Compel Discovery Responses, filed September 12, 2022 (Dkt. 10);

- Defendant's Response, filed September 19, 2022 (Dkt. 11);

- Plaintiff's Reply, filed September 26, 2022 (Dkt. 15);

- the parties' Joint Advisory Regarding Discovery Issues and Plaintiff's Motion to Compel, filed September 30, 2022 (Dkt. 18);

- Plaintiff's Supplemental Briefing, filed November 4, 2022 (Dkt. 24);

- Defendant's Response to Plaintiff's Supplemental Briefing, filed November 14, 2022 (Dkt. 25); and

- Plaintiff's Reply in Support of Plaintiff's Supplemental Briefing, filed November 18, 2022 (Dkt. 27).[1]

The Court held a hearing on Plaintiff's Motion to Compel on October 17, 2022. On October 19, 2022, the Court entered an Order (1) granting the Motion to the extent that Defendant Perry's Restaurants LTD waived all objections to Plaintiffs' First Set of Requests for Production and First

---

[1] By Text Order entered September 19, 2022, the District Court referred Plaintiff's Motion to Compel to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

Set of Interrogatories other than attorney-client or work product privilege by failing to timely respond to those requests, and (2) requiring further briefing concerning the scope of discovery. Dkt. 21. The Court stated that: "Although Defendant has waived its objections to Plaintiffs' first sets of discovery requests, the discovery Plaintiffs seek nonetheless must be proportional to the needs of these cases pursuant to Rule 26(b)(1)." *Id.* at 4. Specifically, the Court ordered the parties to address (a) the relevant time period for discovery, and (b) whether Defendant must produce records pertaining to employees other than the named plaintiffs. *Id.* at 7.

Having carefully considered the parties' supplemental briefs, the Court now enters this Order.

## I. Background

This is one of eight cases[2] filed against Perry's Restaurants LTD and Christopher V. Perry (collectively, "Defendants") asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"). Plaintiffs allege that Defendants have a policy and practice of paying their servers, including Plaintiffs, a subminimum hourly wage and fail to meet the FLSA tip credit exception, which provides that employers may pay less than the general minimum wage to a "tipped employee." 29 U.S.C. § 203(m). Plaintiffs allege that Defendants do not qualify for tip credit because Defendants did not allow Plaintiffs to retain all their tips and required Plaintiffs to contribute 4.5% of their tips to an illegal tip pool; incur and pay for business expenses; perform non-tipped work unrelated to Plaintiffs' tipped occupation; and perform non-tipped work exceeding 20% of their time worked each workweek. Plaintiffs further allege that the tip pool was unlawful because it included bussers and food runners, even if they were not staffed for a shift, and that tips earmarked for bussers were not distributed to them. Plaintiffs now move to compel responses to their discovery requests directed to Defendant Perry's Restaurants ("Defendant").

---

[2] 1:21-cv-01053; 1:21-cv-01054; 1:21-cv-01055; 1:21-cv-01056; 1:21-cv-01057; 1:21-cv-01058; 1:21-cv-01060; and collective action complaint *Paschal v. Perry's*, 1:22-cv-00027-RP.

Plaintiffs allege that Defendant failed to timely produce any materials or otherwise respond to its interrogatories and requests for production, served July 22, 2022 in this and the six other individual cases. Defendant does not contest its failure to timely respond, but contends that certain of Plaintiffs' discovery requests are overly broad.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests on the party resisting discovery to substantiate its objections. *Lozano v. Baylor Univ.*, 339 F.R.D. 447, 450 (W.D. Tex. 2020).

## III.     Analysis

The Court addresses in turn the two outstanding issues concerning the proper scope of discovery briefed by the parties.

**A. Relevant Time Period**

The individual cases, including this case, were filed on November 22, 2021. The FLSA provides for a two-year statute of limitations, which is extended to three years for willful violations. 29 U.S.C. § 255(a). Accordingly, Defendant argues that the discovery period in the individual cases should begin on November 22, 2018. But Plaintiffs seek discovery dating to June 2017, three years before the first Plaintiffs filed their consents to join *Helgason v. Perry's Rests., Ltd.*, No. 3:20-CV-1573-S, 2021 WL 9145369 (N.D. Tex. Nov. 10, 2021), which was filed as a proposed collective action in the United States District Court for the Northern District of Texas and dismissed on November 10, 2021.

The parties disagree whether Plaintiffs' claims are tolled based on filing of the *Helgason* case or a tolling agreement between Plaintiffs and Defendant Christopher V. Perry. Plaintiffs contend that a determination whether equitable tolling applies is premature, but that, "for purposes of resolving the discovery issue before this Court, Plaintiffs have shown, at minimum, they are entitled to discovery dating back to June 17, 2017[3]—leaving the statute of limitations issue for the Court to resolve on a full record." Dkt. 24 at 10. Neither party cites authority addressing the appropriate discovery period for FLSA actions refiled as individual cases after dismissal of a putative collective action by a different court.

The Court agrees with Plaintiffs that a determination whether tolling applies goes to the merits of their claims and is premature while this case is in the discovery stage. The Court also is mindful that information need not be admissible in evidence to be discoverable. *Wiwa*, 392 F.3d at 820. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there

---

[3] The *Helgason* complaint was filed on June 12, 2020, along with consents from two current plaintiffs in the individual cases pending in this Division – Dimitri Sebikali and Ian Dobelnower – so the significance of the June 17 date proposed by Plaintiffs is unclear. *See Helgason*, No. 3:20-cv-1573-S, Dkts. 1, 2.

4

is any possibility that the information sought may be relevant to the claim or defense of any party." *Camoco, LLC v. Leyva*, 333 F.R.D. 604, 606 (W.D. Tex. 2019) (cleaned up).

The *Helgason* case was filed before the decision in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021), which established the proper scope of preliminary discovery in FLSA collective actions in the Fifth Circuit. The Northern District therefore first applied the previous two-step approach of *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and "stayed all discovery except discovery pertaining to certification," permitting plaintiffs 60 days to conduct discovery before filing their motion for conditional certification. *Helgason*, 2021 WL 9145369, at *1. Therefore, should their claims be tolled, it appears that Plaintiffs have not yet had the opportunity to conduct merits discovery.

Because Plaintiffs have shown that discovery dating to June 12, 2017 – three years before the *Helgason* case was filed – may be relevant to their claims, the Court **GRANTS** Plaintiffs' Motion to Compel to the extent that the discovery period in the individual cases starts on June 12, 2017.

**B. Scope of Discovery**

Defendant agrees that it must produce documents identifying (1) the total amount of money contributed to the tip pool each pay period, (2) the amount of money that the named Plaintiffs contributed to the tip pool, and (3) the total amount of money distributed to the eligible recipients from the tip pool. Defendant states that it has produced Plaintiffs' paycheck stubs, which contain specific information about the hours worked, tips received, tips contributed, and other payroll information. Defendant disputes that it must produce discovery pertaining to servers who are not parties to this lawsuit because they have asserted no claim for allegedly unpaid wages. Plaintiffs respond that the discovery is necessary to determine whether all tips contributed to the tip pool each week were distributed as required. Defendant also asserts that it has produced summaries pertaining to tip pool collection and distribution that are sufficient to address Plaintiffs' tip pool

claims. Plaintiffs contend that such summaries are insufficient: "Based on Defendant's own description of its tip pool operation, it is impossible to calculate the total amount of monies contributed to the tip pool without referring to documents demonstrating each individual server's sales and tipshare amounts contributed to the tip pool each shift." Dkt. 24 at 4.

Plaintiffs have established that the discovery they seek – including job duties performed, schedules worked, time-clock records, and compensation paid for each tip pool recipient – "is highly relevant to determining whether Defendant lawfully distributed its tip pool solely among persons who are eligible participants." Dkt. 27 at 4. The Court thus finds that Plaintiffs have established that their discovery requests are directly relevant to their claims and proportional to the needs of this case, and Defendant has not shown that the burden of producing responsive documents outweighs Plaintiffs' need for the discovery. *Cmedia*, 216 F.R.D. at 389.

### IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel Discovery Responses, filed (Dkt. 10) is **GRANTED**. The Court finds that the time frame for Plaintiffs' discovery requests begins on **June 12, 2017**. Defendant is **ORDERED** to respond fully to Plaintiffs' First Set of Interrogatories and First Requests for Production, without objection, and produce all responsive documents on or before **December 16, 2022**.

Plaintiffs also contend that Defendant has failed to comply with the Court's Order of October 19, 2022 (Dkt. 21). Plaintiffs have not requested an award of their reasonable expenses incurred in making their Motion to Compel, but Defendant is admonished that it may face all appropriate sanctions under Rule 37 for continued failure to cooperate in discovery or comply with orders of the Court.

It is **FURTHER ORDERED** that the Clerk remove this case from the Magistrate Court's docket and return it to the docket of the Honorable Robert Pitman.

**SIGNED** on November 30, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE