# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SPENCER DEMOSS,<br>    *Plaintiff*<br><br>v.<br><br>PERRY'S RESTAURANTS LTD<br>d/b/a PERRY'S STEAKHOUSE AND<br>GRILLE and CHRISTOPHER V.<br>PERRY, individually,<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§    Case No. 1:21-cv-01054-RP<br>§<br>§<br>§<br>§ |

## ORDER

Now before the Court are Defendant's Opposed Motion to Amend Confidentiality and Protective Order, filed December 15, 2022 (Dkt. 29); Plaintiffs' Response, filed December 22, 2022 (Dkt. 31); and Defendant's Reply, filed December 29, 2022 (Dkt. 32). By Text Order entered January 3, 2023, the District Court referred Defendant's Motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I. Background

This is one of seven individual cases[1] filed against Perry's Restaurants and Christopher V. Perry asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"). At the parties' request, the District Court entered in each case the standard Confidentiality and Protective Order ("Protective Order") set forth in Local Rule CV-26 and Appendix H-1, providing that the parties may designate certain information as "confidential." Defendant now moves to amend the

---

[1] 1:21-cv-01053; 1:21-cv-01054; 1:21-cv-01055; 1:21-cv-01056; 1:21-cv-01057; 1:21-cv-01058; 1:21-cv-01060.

1

Protective Order to conform generally to the standard confidentiality and protective order at Appendix H-2 of the Local Rules,[2] which provides that the parties may designate certain information as "attorneys' eyes only," or "AEO."

Defendant states that it seeks the amendment because it is willing to produce a consolidated tax return for all of its restaurants with an AEO designation. "But once that is done, Plaintiff must show the relevance for the consolidated tax return as to why Plaintiff may view the return in addition to Plaintiff's counsel." Dkt. 32 at 2. Plaintiffs oppose the motion, arguing that the attorneys' eyes only designation is limited to the disclosure of highly sensitive information not present in this case. Plaintiffs also contend that amending the Protective Order to add an attorneys' eyes only designation will limit their participation in this litigation, effectively preventing them from contributing meaningfully to settlement decisions and trial strategy.

## II.    Legal Standard

The Court enjoys broad discretion in modifying protective orders. *Bob Daemmrich Photography, Inc. v. Scholastic Inc.*, No. 1:15-CV-1150-RP, 2018 WL 4178325, at *1 (W.D. Tex. Apr. 23, 2018). The moving party must show good cause to modify an existing protective order. *Id.* To restrict discovery to attorneys' eyes only, a party has an initial burden to "describe the alleged harm it will suffer from any disclosure with a particular and specific demonstration of fact." *Perez v. Bodega Latina Corp.*, No. EP-19-CV-00360-DCG, 2021 WL 3272211, at *6 (W.D. Tex. July 30, 2021) (quoting *Penn, LLC v. Prosper Bus. Dev. Corp.*, No. 2:10-CV-0993, 2012 WL 5948363, at *4 (S.D. Ohio Nov. 28, 2012)).

---

[2] Defendant's proposed protective order omits paragraph 16, which is titled "Advice to Clients," from the standard confidentiality and protective order at Appendix H-2.

### III. Analysis

Courts have recognized that tax returns implicate interests in privacy that "may call for a measure of extra protection." FED. R. CIV. P. 26, Adv. Comm. Notes (1970) (citing *Wiesenberger v. W. E. Hutton & Co.*, 35 F.R.D. 556 (S.D.N.Y. 1964)). Accordingly, tax returns often are produced subject to protective orders. Courts in this Circuit, however, generally do not require that they be restricted to review by counsel only. *Tingle v. Hebert*, No. CV 15-626-JWD-EWD, 2017 WL 2335646, at *6 (M.D. La. May 30, 2017) (collecting cases from district courts within the Fifth Circuit); *see also Lewis v. Shafer Project Res., Inc.*, No. 2:19-CV-353, 2021 WL 2216626, at *2 (S.D. Tex. Jan. 22, 2021) (finding that protective order providing designation as confidential sufficiently protected tax returns).

Defendant neither describes the alleged harm it will suffer from disclosure of its tax information to Plaintiffs nor addresses why the designation as confidential will not adequately protect its tax return. *See Tingle*, 2017 WL 2335646, at *6 (denying motion for additional protective order because existing protective order allowed tax returns to be designated confidential); *see also Philpot v. WOS, Inc.*, No. A-18-CV-339-RP, 2019 WL 252050, at *2 (W.D. Tex. Jan. 17, 2019) (compelling plaintiff to disclose tax returns where they could be designated confidential under existing protective order); *Defendant Bd. of Regents of Univ. of Texas Sys. v. Planameca USA, Inc.*, No. SA-04-CA-911-FB, 2005 WL 8156687, at *3 (W.D. Tex. June 2, 2005) (denying motion to preserve attorneys' eyes only designation for tax returns where plaintiffs failed to demonstrate that designation of confidential was insufficient).

For these reasons, the Court finds that Defendant has not met its burden to show good cause to modify the Protective Order.

### IV. Conclusion

Defendant's Opposed Motion to Amend Confidentiality and Protective Order (Dkt. 29) is **DENIED**.

The Court further **ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on January 4, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE